**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY E. STEVENSON,<br><br>    Plaintiff,<br><br>  v.<br><br>THE COUNTY SHERIFF'S OFFICE OF MONMOUTH, et al.,<br><br>    Defendants. | Civil Action No. 13-5953 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

  This matter comes before the Court on two motions. Plaintiff Anthony E. Stevenson ("Plaintiff" or "Stevenson"), proceeding pro se, moves for default judgement against Defendants Sheriff Officers D. Herrmann ("Herrmann") and Leonard Maxfield ("Maxfield") pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, following the Clerk's entry of default. (ECF No. 20.) In addition, Herrmann and Maxfield (collectively "Moving Defendants") move to vacate and set aside the entry of default entered against them pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. (ECF No. 21.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

  Motions to enter default judgment and vacate default are both governed by Rule 55 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a), (c). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The decision to vacate a default is left to the sound discretion of the district court. When deciding whether to vacate default, however, the court must consider three factors: "(1) [w]hether the plaintiff will be prejudiced [if the default is lifted]; (2) [w]hether the defendant has a meritorious defense; and

(3) [w]hether culpable conduct of the defendant led to the default." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). "There is a distinction between a default standing alone and a default judgment. . . . Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano*, 691 F.2d at 656. Where there is a close case, the Third Circuit has instructed that "doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)).

The Court finds that Moving Defendants have made a sufficient showing to vacate default. First, the Court finds that Plaintiff will not be prejudiced if the default is lifted. Second, while there may have been some delay on the part of Moving Defendants, the Court does not find culpable conduct on their part that would require the denial of their motion to vacate default. In fact, Moving Defendants' counsel previously communicated with Plaintiff and supplied information to Plaintiff for his complaint. (Certification of Thomas M. Reardon, III ("Reardon Cert.") ¶ 4, ECF No. 21.) Here, the Court finds that inadvertence, at most, resulted in the Clerk's entry of default. Finally, Moving Defendants indicate that they intend to proffer a meritorious defense. Moving Defendants deny the allegations in the Complaint and indicate that "there are reports and some videotape evidence that raise questions concerning the [P]laintiff's allegations in his complaint." (Defs.' Br. 8, ECF No. 21.) Notably, on a motion to vacate default, "the Court 'need not decide the legal issue at this time; it is sufficient that [defendants'] proffered defense is not facially unmeritorious.'" *NuMed Rehab., Inc. v. TNS Nursing Homes of Pa., Inc.*, 187 F.R.D. 222, 224 (E.D. Pa. 1999) (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987)).

Accordingly, for the reasons set forth above,

**IT IS** on this 29th day of January 2016 **ORDERED THAT**:

1. Plaintiff's motion for default judgment (ECF No. 20) is DENIED.

2. Moving Defendants' motion to vacate default (ECF No. 21) is GRANTED.

3. Moving Defendants shall file a responsive pleading by **February 12, 2016**.

                                            s/ Michael A. Shipp
                                            **MICHAEL A. SHIPP**
                                            **UNITED STATES DISTRICT JUDGE**