UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY E. STEVENSON,

    Plaintiff,

v.

THE COUNTY SHERIFF'S OFFICE OF MONMOUTH, et al.,

    Defendants.

Civil Action No. 13-5953 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter has come before the Court on a civil rights Complaint filed by Plaintiff Anthony E. Stevenson pursuant to 42 U.S.C. § 1983. The Court previously dismissed all claims in the Complaint, with the exception of Plaintiff's excessive force claim against Defendants Sheriff Officer Leonard Maxfield and Sheriff Officer D. Herrmann ("Defendants"). (Order, ECF No. 12.) Presently before the Court is a motion for summary judgment by Defendants (ECF No. 42) seeking final judgment on the excessive force claim ("Motion"). For the reasons stated below, the Motion is denied.[1]

---

[1] Defendants also move for summary judgment on related state-law claims, and Plaintiff concedes in his opposition brief that he cannot bring such claims because he failed to submit the required notice of claim under state law. (Pl.'s Opp'n Br. 6, ECF No. 54.) As such, the Court deems those claims as voluntarily withdrawn, and dismisses them without prejudice. *See Ptaszynski v. Uwaneme*, 371 N.J. Super. 333, 343 (App. Div. 2004) (holding that the notice requirement under the Tort Claims Act is a jurisdictional precondition to filing suit).

I. **FACTUAL BACKGROUND**

The Court recites only those facts that are relevant to the instant Memorandum Opinion. The parties agree that the incident that gave rise to Plaintiff's excessive force claim occurred on July 30, 2013 at the Monmouth County Superior Court, where Plaintiff was to attend a child support hearing. (Defs.' Br. 5, ECF No. 42-2.) At the time, Plaintiff was a prisoner at the Monmouth County Correctional Institute ("MCCI") on drug-related charges, so he was in Defendants' custody at all times while at the courthouse. (*Id.*) When Plaintiff was being escorted to the courtroom from his holding cell, Plaintiff complained that his shackles were too tight and he could not walk any farther. (*Id.*) Although the parties dispute exactly what happened next, it is undisputed that when Plaintiff did not comply with Defendants' order to move, Defendants physically dragged him back to the holding cell. (*Id.* at 6.) Plaintiff alleges that while he was being dragged, his head hit a doorframe and he was knocked unconscious. (Pl.'s Opp'n Br. 11-12.)

II. **STANDARD OF REVIEW**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's

evidence is to be believed and all justifiable inferences are to be drawn in his favor." *Montone v. City of Jersey City*, 709 F.3d 181, 191 (3d Cir. 2013) (quoting *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004)); *see also Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002).

The burden of establishing that no "genuine dispute" exists is on the party moving for summary judgment. *Celotex*, 477 U.S. at 330. "A non-moving party has created a genuine [dispute] of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001). The non-moving party must present "more than a scintilla of evidence showing that there is a genuine [dispute] for trial." *Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). To do so, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324 (quotations omitted); *see also Matsushita*, 475 U.S. at 586; *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773 (3d Cir. 2013). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Vento v. Dir. of V.I. Bureau of Internal Revenue*, 715 F.3d 455, 477 (3d Cir. 2013).

There is "no genuine [dispute] as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders

3

all other facts immaterial." *Id.* at 323; *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011). While courts must hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), at summary judgment, a *pro se* plaintiff is not exempt from his burden of providing some affirmative *evidence, i.e.* not just mere allegations, to establish a prima facie case, and to show that there is a genuine dispute for trial. *See Barnett v. N.J. Transit Corp.*, 573 F. App'x 239, 243 (3d Cir. 2014) (holding that *pro se* plaintiff was still "required to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories . . . sufficient to convince a reasonable fact finder to find all the elements of her prima facie case") (citation and quotation omitted); *Mitchell v. Gershen*, 466 F. App'x 84, 87 (3d Cir. 2011) (upholding a district court's grant of summary judgment against a *pro se* plaintiff for his failure to submit expert testimony in a denial of medical services suit); *Siluk v. Beard*, 395 F. App'x 817, 820 (3d Cir. 2010) ("[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural law.").

## III. **DISCUSSION**

In the Motion, Defendants argue that summary judgment is appropriate because: (1) Plaintiff's excessive force claim cannot arise out of the Fourth Amendment, as he was an incarcerated individual, not an arrestee; (2) Plaintiff's claim does not satisfy the standard for Eighth Amendment excessive force claims applicable to incarcerated individuals; and (3) they are entitled to qualified immunity. Plaintiff concedes that he cannot raise a Fourth Amendment claim. (Pl.'s Opp'n Br. 6.)

A.  **Excessive Force Claim**

The Court rejects Defendants' Eighth Amendment argument because Defendants have not shown that Plaintiff's excessive force claim is governed by the Eighth Amendment. While Plaintiff was unquestionably an incarcerated individual, in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), the Supreme Court held that there is a material difference between excessive force claims raised by convicted prisoners versus those raised by pretrial detainees, even though both are incarcerated individuals oftentimes housed in the same jails. An excessive force claim by a pretrial detainee, the Supreme Court held, is governed by the Fourteenth Amendment, and is subject to a less stringent burden of proof than an Eighth Amendment claim by a convicted prisoner. *Id.* at 2475.

Here, although Defendants state in a conclusory fashion that Plaintiff was a convicted prisoner, nothing in the record submitted by Defendants demonstrates that Plaintiff was a convict on July 30, 2013. Instead, Defendants concede that Plaintiff was incarcerated at MCCI on drug-related *charges*. (Defs.' Br. 5; *see* Verification of Incarceration, ECF No. 42-4.) Indeed, a search in the New Jersey Department of Correction's inmate database shows that Plaintiff was sentenced on those same charges on July 29, 2015, two years *after* the alleged incident. *See* https://www20.state.nj.us/ DOC_Inmate/details?x=1058296&n=0 (last visited Jan. 23, 2018). Because Defendants cannot show that Plaintiff's excessive force claim is governed by the Eighth Amendment, the Court rejects Defendants' Eighth Amendment argument. Moreover, as the Court will discuss below, there is evidence in the record to support Plaintiff's claim even if it is governed by the Eighth Amendment. The Court, accordingly, denies summary judgment on this ground.

5

B.  **Qualified Immunity**

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (quoting *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012)). To determine whether a defendant is entitled to qualified immunity, the Court must decide: (1) "whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right[;]" and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citation omitted). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Taylor*, 135 S. Ct. at 2044 (citation and quotation marks omitted). For a right to be clearly established, however, the doctrine does not "require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (citation and quotation marks omitted). Defendants bear the burden of establishing qualified immunity. *Thomas v. Indep. Twp.*, 463 F.3d 285, 293 (3d Cir. 2006).

Here, Defendants' qualified immunity argument requires analysis under the Eighth Amendment because *Kingsley* was not decided at the time the alleged incident occurred—to wit, a violation under the Eighth Amendment would certainly be a violation under the less stringent Fourteenth Amendment standard. Based on the prevailing case law in this district and the Third Circuit at the time, it was reasonable for Defendants to believe that their conduct toward Plaintiff was governed by the Eighth Amendment standard for excessive force, not the Fourteenth Amendment. *See, e.g.*, *Everett v. Nort*, 547 F. App'x 117, 121 (3d Cir. 2013); *Bornstein v. Cty. of Monmouth*, No. 11-5336, 2014 WL 4824462, at *6 (D.N.J. Sept. 25, 2014). On the other hand,

the same case law also clearly established that every reasonable officer would have understood, on the date of the alleged incident, that he or she cannot apply excessive force on a prisoner in violation of the Eighth Amendment.

In reviewing excessive force claims under the Eighth Amendment, courts must determine whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Monroe v. Phelps*, 520 F. App'x 67, 70 (3d Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Whether the force applied was excessive requires the weighing of several factors, including: (1) the need for force; (2) the relationship between that need and the amount of force used; (3) the extent of the injury; (4) the extent of the threat to safety "as reasonably perceived by responsible officials[;]" and (5) "any efforts made to temper the severity of a forceful response." *Monroe*, 520 F. App'x at 70 (citing *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 200) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).) A finding that excessive force was used, or vice versa, must depend on the extent of the force and the surrounding circumstances, not upon the resulting injury. *Monroe*, 520 F. App'x at 70 (citing *Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002)).

There is no dispute that Defendants used force in the present case. Although the parties dispute the exact chain of events that led to the use of force, they agree that Defendants physically dragged Plaintiff back to the holding cell, which is supported by record evidence. Whether that force was applied in good faith is a factual issue, and the Court cannot find that there is no genuine dispute of material fact as to warrant summary judgment. As part of the record, Defendants submitted video footage from security cameras inside the courthouse that captured the alleged incident. (*See* Defs.' Br., Ex. 6, ECF No. 42-9.) There is evidence that Plaintiff may have been unconscious while being dragged back to the holding cell because in several pieces of video

footage Plaintiff remained completely motionless while being dragged. This supports Plaintiff's allegation that he was knocked unconscious by Defendants' application of force. Furthermore, in one piece of video footage from a camera that had a direct view of the hallway where the alleged incident occurred, the video skipped from time index 11:37:21AM, after Plaintiff entered the hallway, to 11:38:03AM, the forty-two-second window during which the entire alleged confrontation occurred. As such, there is no objective evidence to support Defendants' version of the events.

Defendants contend that force was necessary due to Plaintiff's belligerent behavior, but that is not the end of the excessive force analysis; the amount of force applied must still be reasonable under the circumstances.

> [O]fficials confronted with a prison disturbance must balance the threat unrest poses to inmates, prison workers, administrators, and visitors against the harm inmates may suffer if guards use force. Despite the weight of these competing concerns, corrections officials must make their decisions "in haste, under pressure, and frequently without the luxury of a second chance." We accordingly concluded in *Whitley* that *application of the deliberate indifference standard is inappropriate* when authorities use force to put down a prison disturbance. Instead, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."

*Hudson*, 503 U.S. at 6 (quoting *Whitley*, 475 U.S. at 320-21) (emphasis added). Even if there was a need for force, there remains the question of whether the appropriate amount of force was applied. Indeed, if the need for force, the first factor of *Whitley*'s five-factor test, was dispositive, there would be no need for the other four *Whitley* factors. As there is no evidence of an urgent need to remove Plaintiff, nor any evidence that Plaintiff posed an immediate danger to Defendants or anyone else, Defendants failed to demonstrate that any of the *Hudson* considerations are

applicable in the instant matter. Here, a reasonable jury could conclude that Defendants' actions were not based upon a good faith effort to maintain or restore discipline. Rather, a reasonable jury could conclude that Defendants' actions constituted a frustrated reaction to Plaintiff's challenge to their authority or a frustrated reaction to Plaintiff's refusal or reluctance to obey their instructions. Even if Defendants believed that the Eighth Amendment governed their conduct, they are not entitled to qualified immunity as a matter of law because genuine disputes of material fact exist as to: (1) the chain of events that led to the use of force; and (2) whether the application of force was in good faith. *See Rodriguez v. City of New Brunswick*, No. 12-4722, 2017 WL 6442097, at *19 (D.N.J. Dec. 18, 2017) ("[T]he Court must submit this dispute to the jury before rendering a final decision on whether [the officer's] conduct constituted a reasonable mistake of law to which he would be entitled to qualified immunity."). The Court, accordingly, denies summary judgment on this ground.

## IV. CONCLUSION

For the reasons set forth above, the Motion is DENIED.

/s/ MAShipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Date: 2/8/18

9