# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY E. STEVENSON,<br><br>**Plaintiff,**<br><br>v.<br><br>THE COUNTY SHERIFF'S OFFICE OF MONMOUTH COUNTY, et al.<br><br>**Defendants.** | Civil Action No. 13-5953 (AET)<br><br><br>MEMORANDUM AND ORDER |

**BONGIOVANNI, Magistrate Judge**

Pending before the Court is Plaintiff Anthony Stevenson's ("Plaintiff") Motion to Amend the Complaint to add individuals Sheriff SGT. Vincent Giglio and Sheriff Officer Robert Fuller to particular claims already set forth in the Complaint. (Docket Entry No. 71). The County Sheriff's Office of Monmouth County, et al. ("Defendants") did not file opposition to Plaintiff's motion. The Court has fully reviewed all arguments made in support of Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Plaintiff's motion to Amend the Complaint is GRANTED in part and DENIED in part.

## I.      Background and Procedural History

This matter arises out of Plaintiff's claims against The County Sherriff's Office, et al., based on his treatment by prison officials. Plaintiff initially brought suit against the following Defendants in this matter: The County Sheriff's Office of Monmouth, Sheriff Shawn Golden, Sergeant Vincent Giglio, Sheriff Officer Leonard Maxfield, Sheriff Officer D. Herrmann, Sheriff Officer K. O'Neill, Sheriff Officer Robert Fuller, The County Jail of Monmouth, Warden Barry Nadrowski, Captain Shawn Althouse, Sergeant Jack Hausman, Court Line Woman #1, Court

Line Woman #2, Correct Care Solutions Medical Providers, Medical Director Dr. Hashman (later identified as Dr. Hashmi), Nurse Practioner "C.J.," Monmouth County E.M.T. Response Ser., E.M.T. Technician #1 and #2, later identified as Drew Lumbar and Shawn Sprance, on October 7, 2013. In his Complaint, Stevenson asserted several claims against Defendants, including violations of his Fourth, Fifth, Eight and Fourteenth Amendment rights. (*See, generally*, Compl; Docket Entry No. 1). The District Court reviewed Plaintiff's Complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted. (*See generally*, Opinion of 2/6/2015; Docket Entry No. 11).

The District Court concluded that Plaintiff's Complaint should be allowed to proceed against the two Defendant Sheriff Officers, Leonard Maxfield and D. Herrmann, as to the claim asserting excessive use of force. All other claims and Defendants were dismissed. (*Id.*). Specifically, as related to the current amendment, the District Court dismissed Stevenson's claim against Sheriff Officer Giglio for violation of his Constitutional rights by denying him medical care after Stevenson was injured.

On September 11, 2017, Plaintiff filed a Motion for Leave to Amend the Complaint, requesting the Court re-instate Defendants Giglio and Fuller to parts of the Complaint. (Docket Entry No. 56). Defendants filed a Motion for Summary Judgment on the excessive force claims on February 24, 2017 (Docket Entry No. 42) which was administratively terminated on March 28, 2017 pending Plaintiff's review of a certain DVD produced by Defendants during discovery. (Docket Entry No. 45). Once the Court confirmed that Plaintiff had the opportunity to view the DVD, the Motion for Summary Judgment was re-listed on July 6, 2017. (Docket Entry No. 52). The District Court denied Defendant's Motion for Summary Judgment on February 8, 2018.

(Opinion of 2/8/18; Docket Entry No. 57). By letter dated February 18, 2018, Plaintiff sought to amend his Complaint. (Docket Entry No. 59). On March 29, 2018, the Court terminated Plaintiff's Motion to Amend and directed Plaintiff to re-file and to include with the motion a proposed Amended Complaint. (Docket Entry No. 62). After Plaintiff filed his renewed Motion to Amend, he contacted the Court to notify that the Proposed Amended Complaint was incomplete. (Docket Entry No. 66). On August 19, 2018, this Court gave Plaintiff one last opportunity to file a Motion to Amend. (Docket Entry No. 68). Plaintiff has endeavored to comply with the Courts instructions as to correct procedure when filing a Motion to Amend, and successfully did so on September 17, 2018, filing the current motion. (Docket Entry No. 71).

As previously noted, Plaintiff seeks to amend his Complaint to add Officers Robert Fuller and Sheriff SGT. Vincent Giglio who were dismissed from the case in 2015 for failure to state a claim upon which relief could be granted. Plaintiff argues that after discovery, new evidence has arisen that would cure his pleading deficiency and show that these two officers did, in fact, violate Plaintiff's Constitutional rights. Specifically, Plaintiff represents that the following evidence has been produced: (1) video footage that shows Officer Fuller using excessive force, (2) an affidavit made by the EMTs that shows Sheriff SGT. Vincent Giglio lied to EMT Technicians causing them to not provide him with proper medical treatment, (3) evidence that Defendants tampered with 42 seconds of pertinent video footage during the physical altercation that took place on July 30, 2013. (Pl.'s MTA; Docket Entry No. 71). Plaintiff also restates parts of his Complaint that were dismissed in the District Court's opinion. Plaintiff argues that his motion should be granted under the liberal amendment standards set for in FED.R.CIV.P. ("Rule") 15(a).

**II.     Analysis**

**A.  Standard of Review**

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See*

*Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, [or] futility of the amendment." *Id.*  However, where there is an absence of undue

delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally

granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).  Here the Court focuses on futility

amendment.

An amendment is futile if it "is frivolous or advances a claim or defense that is legally

insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J.

1990) (internal quotation marks and citations omitted).  To determine if an amendment is

"insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6) (*see*

*Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of

public record, and undisputedly authentic documents if the party's claims are based upon same. *See*

*Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the

Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor

of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be

entitled to relief[.]" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  "[D]ismissal

is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed

to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst*

*Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The focus is not on "'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" *Bell Atl. Corp.*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka*, 481 F.3d at 211.

### B. Discussion

Plaintiff's Amended Complaint seeks to reinstate Sheriff SGT. Giglio and Officer Fuller to some of the claims and reasserts claims that were previously dismissed by the District Court. The Court does not find that Plaintiff's motion is unduly delayed, made in bad faith or will prejudice the Defendants. The Court therefore focuses its analysis on futility of amendment in light of the District Court's review of Plaintiff's Complaint. Plaintiff's claims are addressed in turn.

i.    Intentional Infliction of Emotional Distress Claim

In reviewing Plaintiff's Complaint, the District Court found that Plaintiff failed to allege facts sufficient to satisfy any of the elements of an Intentional Infliction of Emotional Distress claim, "[f]or instance, Plaintiff has alleged no facts to show that he has actually suffered any severe emotional distress." (Opinion of 2/6/2015 at 14). Plaintiff has not alleged any further facts in his Amended Complaint that would cure this deficiency, and therefore this claim in the Amended Complaint is DENIED.

ii.     Excessive Force, Assault, Battery and Negligence Claims

The District Court held that Plaintiff pleaded sufficient facts that, if true, would allow this

case to proceed against Defendants Maxfield and Hermann for their alleged use of excessive

force against Plaintiff. (*Id*. at 13).  Additionally, Plaintiff's common law claims of assault,

battery and negligence also went forward against these two Defendants under the Court's

supplemental jurisdiction. (*Id.* at 14).  Plaintiff did not originally assert a claim of excessive force

against Sheriff Officer Robert Fuller.  Plaintiff claims that video footage surfaced through

discovery that would prove Sheriff Officer Robert Fuller participated in his alleged assault while

Plaintiff was unconscious.  (Docket Entry No. 71 at 2).

The Court notes that Plaintiff has acted diligently in his pursuit of the video footage at

issue from the outset of this litigation.  As the District Court noted, on August 6, 2013, Plaintiff

wrote to Monmouth County Sheriff Shawn Golden requesting the video footage of the incident

that occurred at the Courthouse be preserved on July 30, 2013 and Plaintiff wrote the Warden's

Office asking same. (Opinion of 2/6/2015 at 7).  It was not until June 2, 2017 that Plaintiff had

the opportunity to view the video footage in order to identify Sheriff Officer Fuller as one of his

assailants. (*See* Def. 7/21/2017 Letter; Docket Entry No. 53).  Since that time, he has attempted

to add Sheriff Officer Fuller to the Complaint, culminating in this Motion to Amend.

These additional facts, if true, are sufficient to allow an excessive force claim to go

forward against Sheriff Officer Fuller.  Plaintiff alleges that the video shows Sheriff Officer

Fuller grabbed Plaintiff by the back of the belt that Plaintiff was handcuffed to and violently

dragged Plaintiff through the hallways back to the prisoner holding cells, which, in conjunction

with the alleged assault from Defendants Maxfield and Hermann, caused him extreme pain that

necessitated medical care. (Docket Entry No. 71-1 at 4-5).  Plaintiff asserts that he could not

have resisted Officer Fuller warranting the use of force upon him, nor could he have identified

Fuller as an actor in his assault, until he viewed the video footage, as he was allegedly

unconscious at the time. Additionally, Plaintiff's claims of assault, battery and negligence shall

also proceed against Officer Fuller, as they are "inextricably related to the excessive force

claim," as noted by the District Court in relation to Officers Maxfield and Hermann. (Opinion of

2/6/2015 at 14). Therefore, Plaintiff's amendment of the claim of excessive force, assault,

battery and negligence against Sheriff Officer Fuller is GRANTED.

> iii.     Negligence Claim Against Monmouth County Under the Theory of *Respondeat Superior*

Plaintiff asserted in his original complaint that Defendant Monmouth County Sheriff's

Office is liable for the actions of Defendant Officers Maxfield and Hermann regarding their use

of excessive and unreasonable force against Plaintiff. (*See generally*, Compl.). The District

Court dismissed this claim, finding Plaintiff had not pleaded sufficient facts to assert a §1983

claim against a municipality, namely, Plaintiff did not plead any custom or policy which caused

the alleged violation of his rights. (Opinion of 2/6/2018 at 28). Nor did he raise any facts related

to the inadequacy of any training program, system of review or investigation as to the conduct of

the Sheriff Officers. (*Id*.). In his Amended Complaint, Plaintiff does not allege any facts that

would further support his claim of *respondeat superior* liability. Therefore, the amendment of

this claim against the Monmouth County Sheriff's Office is DENIED.

> iv.     Malicious Abuse of Process Claim

The District Court held that "there are no factual allegations that could be construed as a

claim that these Defendants utilized the prosecution against plaintiff for any illegitimate

purpose." (Opinion of 2/6/2015 at 16-17). The Court noted that Plaintiff was found guilty of the

disciplinary charges after a hearing in which the court line officers reviewed a video-tape of the

incident. (*Id.*) Stevenson alleges in his Amended Complaint that Defendants tampered with video-footage of the initial confrontation between Stevenson and the Officers, allegedly erasing 42 seconds of the video footage. (Docket Entry No. 71-1 at 18). Specifically, he notes that on or about June 5, 2017, Defense Counsel for Defendants Herrmann and Maxfield came to the prison to play five DVDs containing footage of the interaction between Stevenson and officers he alleged assaulted him. Stevenson claims that "[t]he video footage of the confrontation between Plaintiff and defendants Herrmann and Maxfield, was deliberately skipped over and spliced from the video-footage." (*Id.* at 12). Stevenson claims that the video shows Defendant Herrmann "violently carrying an unconscious Plaintiff by the back of the belt that's secured the handcuff that Plaintiff was wearing, through the door to the inside foyer. Then defendant Herrmann drops Plaintiff on the floor." (*Id.*)

The District Court noted that Plaintiff had not proffered any factual allegations that the Defendants utilized the prosecution against Plaintiff for any illegitimate purpose. The Court rather construed Plaintiff's allegations of malicious abuse of process and false imprisonment as a claim of false disciplinary charge. The Court further found that because Plaintiff had been granted a hearing and an opportunity to rebut the charges against him, he did not sufficiently plead a §1983 claim. The District Court dismissed the claim with prejudice. This Court finds that Plaintiff's additional allegation of evidence tampering does not cure the pleading deficiency articulated by the District Court, namely Plaintiff still does not allege facts tending to prove a malicious abuse of process claim or a false disciplinary charge claim. Therefore, this amendment is DENIED.

  v.  Deprivation of Medical Care Claim

The District Court denied Plaintiff's claims of deprivation of Medical Care against all

Defendants for failure to state a cognizable claim of constitutional deprivation. (Opinion of 2/6/2015 at 25). Plaintiff alleged that Sheriff SGT. Vincent Giglio violated his constitutional rights by denying Plaintiff medical care after he was injured by the other Defendants. The District Court determined that the E.M.T. was called shortly after the incident and that Plaintiff was then taken to the infirmary at the Monmouth County Jail where he received medical attention for his back injury. (*Id.*). Therefore, the District Court held that "Plaintiff's allegations do not show that his complaints of injury were ignored, but rather the medical care provided was not to Plaintiff's liking." (*Id.*)

In this motion, Plaintiff asserts that Sheriff Sergeant Vincent Giglio "lied to the EMT Technicians, telling the EMT's that Plaintiff could not be taken to the hospital because Plaintiff has tried to run from Defendants when take to the hospital in the past." (Docket Entry No. 71-1 at 7). Plaintiff claims that Sheriff Sergeant Vincent Giglio intentionally misinformed the E.M.T. Technicians and failed to promptly provide medical treatment to Plaintiff. However, as the District Court noted, Plaintiff was provided medical care at the Monmouth County Jail infirmary shortly after the E.M.T. arrived. The additional facts alleging that Sheriff Sergeant Vincent Giglio lied to the E.M.T. do not change the fact that Plaintiff was attended to by the medical staff at the infirmary. They further suggest, like the District Court noted, that Plaintiff was not satisfied with the form of medical care he received. This additional fact, even if true, does not rise to the level of deprivation of medical care required under the law. Therefore, Plaintiff's requested amendment is DENIED.

## C. Conclusion

For the reasons set forth above, the request to amend the Complaint regarding claims of intentional infliction of emotional distress, negligence, malicious abuse of process and denial of

proper medical treatment are DENIED. Plaintiff's request to reinstate the claim of excessive force with regard to Sheriff Officer Fuller is GRANTED. Plaintiff is to file a new Amended Complaint that comports with this opinion, in other words, a Complaint that solely includes the excessive force, assault, battery and negligence claims against Sheriff Officers Hermann, Maxfield and Fuller. The Court notes, again, that Defendants have not filed opposition to this motion. Defense Counsel is to notify the Court by **January 18, 2019**, whether he will accept service on behalf of Sheriff Officer Fuller.

      **IT IS SO ORDERED.**

      **The Clerk of the Court is directed to terminate Docket Entry No. 71.**

                                s/ Tonianne J. Bongiovanni
                                **HONORABLE TONIANNE J. BONGIOVANNI**
                                **UNITED STATES MAGISTRATE JUDGE**